UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Aries May and Diamond Williams**, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>**AHS Employee HR, LLC**<br>8465 Keystone Crossing<br>Suite 210<br>Indianapolis, IN 46240<br><br>              Defendant. | No.<br><br>Judge<br>Magistrate<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Aries May and Diamond Williams ("Plaintiffs"), individually and on behalf of all other persons similarly situated, sues the Defendant, AHS Employee HR, LLC. (hereafter "AHS" or "Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq.* and Fed. R. Civ. P. 23 for AHS's failure to pay Plaintiffs and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiffs, the Collective Members and the Class Members are current and former employees of AHS. Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former non-exempt hourly employees of AHS.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. AHS failed to pay Plaintiffs, the

1

Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiffs therefore bring this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for AHS's violation of federal and Ohio law as detailed further below.

4. Under the FLSA and OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. AHS paid Plaintiffs, the Collective Members and the Class Members non-discretionary bonuses, but AHS did not include all of these payments as part of Plaintiffs', the Collective Members' and the Class Members' regular rates of pay for the purposes of paying overtime.

5. Under the FLSA and OMWFSA, "[b]ona fide meal periods are not worktime. . . [t]he employee must be completely relieved from duty for the purposes of eating regular meals. . . . [t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *See* 29. C.F.R. § 785.19. AHS violated the FLSA and OMWFSA by automatically deducting a thirty-minute meal break from each and every shift Plaintiffs, the Collective Members and the Class Members worked in excess of eight hours regardless of whether Plaintiffs, the Collective Members and the Class Members were able to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(i) because Defendant is headquartered in this district.

8. At all relevant times, Plaintiffs have been a domiciled in the state of Ohio and performed work for AHS within the state of Ohio.

9. AHS regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

10. Plaintiffs, the Collective Members and the Class Members in their work for AHS were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

11. At all times material to the matters alleged in this Complaint, Plaintiffs were employees of AHS.

12. Plaintiff May was employed by AHS as a State Tested Nurse Aid ("STNA") from approximately July 17, 2022 through approximately December 3, 2022.

13. Plaintiff Williams was employed by AHS as an STNA from approximately July 11, 2022 through approximately October 16, 2022.

14. The Collective Members are all current and former non-exempt hourly employees who worked for AHS in the United States at any point in the three years preceding the filing of the original Complaint.

15. The Class Members are all current and non-exempt hourly employees who worked for AHS in the state of Ohio at any point in the three years preceding the filing of the Complaint.

16. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

17. At all material times, AHS was an Indiana corporation duly licensed to transact business in the State of Ohio.

18. Under the OMFWSA and FLSA, AHS is an employer. At all relevant times, AHS had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with AHS. As a person who acted in the interest of AHS in relation to the company's employees, AHS is subject to liability under the OMFWSA and FLSA.

19. At all material times, Plaintiffs and the Class and Collective Members were employees of AHS as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

20. At all material times, Plaintiffs and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

21. Plaintiffs and the Class and Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

22. Plaintiffs and the Class and Collective Members, in their work for Defendants, were employed by an enterprise that had annual gross volume of sales made for business in excess of one hundred fifty thousand dollars, exclusive of excise taxes at the retail level.

23. At all relevant times, Plaintiffs and the Class and Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiffs and the Class and Collective Members, in their work for Defendant, were engaged in interstate commerce.

25. Plaintiffs and the Class and Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

26. Plaintiffs have given their written consents to be named party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are attached as "**Exhibit A**" and "**Exhibit B**."

## FACTUAL ALLEGATIONS

27. AHS operates a network of short-term, inpatient psychiatric hospitals focusing on elderly patients under the name, Assurance Health System http://assurancehealthsystem.com (last visited January 24, 2023).

28. The Collective Members are all current and former non-exempt employees who worked for AHS nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's minimum wage and overtime requirements.

29. The Class Members are all current and former non-exempt employees who worked for AHS in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

30. In their work for AHS, Plaintiffs routinely worked in excess of forty hours in a given workweek.

31. During each and every workweek, Plaintiffs, the Class and Collective Members were paid on an hourly basis.

32.     At all relevant times, Plaintiffs, the Collective Members and the Class Members were subject to AHS's enterprise-wide Break and Meal Policy.

33.     Pursuant to AHS's Break and Meal Policy, AHS automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiffs, the Collective Members and the Class Members of 8 hours or more.

34.     AHS made this automatic 30-minute deduction from Plaintiffs, the Collective Members' and the Class Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

35.     The job demands of Plaintiffs, the Collective Members and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

36.     Nevertheless, AHS automatically deducted thirty minutes from every shift of 8 hours or more worked by Plaintiffs, the Collective Members and the Class Members, thereby denying them lawful minimum and overtime wages.

37.     At all relevant times, AHS failed to keep accurate time records and failed to accurately and timely pay all minimum and overtime wages required by the FLSA and OMFWSA.

38.     At all relevant times, AHS paid Plaintiff, the Collective Members and the Class Members different categories of shift differential pay.

39.     However, AHS does not include all shift differential pay in Plaintiffs', the Collective Members' and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, AHS has violated to overtime provisions of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed by AHS.

42. AHS subjected all of their non-exempt hourly employees, including Plaintiffs and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

43. Plaintiffs' claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

44. The Collective Members perform or have performed the same or similar work as Plaintiffs.

45. AHS's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

46. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by AHS that caused harm to all of the Collective Members.

47. As such, Plaintiffs bring these FLSA claims as a collective action on behalf of the following class:

> **All of AHS's current and former non-exempt hourly employees who worked for AHS at any time from three years preceding the filing of the Complaint to the present.**

48. AHS's unlawful conduct, as described herein, is pursuant to AHS's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

49. AHS is aware or should have been aware that federal law prohibited them from not paying Plaintiffs and the Collective Members all minimum wage and overtime as detailed herein.

50. AHS's unlawful conduct has been widespread, repeated, and consistent.

51. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

52. Upon information and belief, the individuals similarly situated to Plaintiffs includes thousands of non-exempt hourly employees currently and/or formerly employed by AHS. Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in AHS's possession, custody, or control, but it can be readily ascertained from their employment records.

53. Notice can be provided to the Collective Members by First Class Mail to the last address known to AHS, via email at the last known email address known to AHS, by text message to the last known telephone number known to AHS and by posting of notice in a conspicuous location at each of AHS's facilities.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

54. Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

55. Plaintiffs brings their Rule 23 overtime class claims on an opt-out basis for claims arising before July 6, 2022 and on an opt-in basis pursuant to SB 47's amendments to R.C. 4111.03 and 4111.10 for claims arising on or after July 6, 2022.

56. Plaintiffs brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following class comprised of:

57. **Rule 23 Class**

    **The Class Members are all of AHS's current and former non-exempt hourly employees who worked for AHS, within Ohio, at any time from three years preceding the filing of the original Complaint to the present.**

    **Numerosity (Rule 23(a)(1)).**

58. The Class Members are so numerous that joinder of all members is impracticable. Plaintiffs on information and belief allege, that AHS employed greater than one thousand people who satisfy the definition of the Class Members.

    a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

59. Common questions of law and fact exist as to the Plaintiffs and the Class Members including, but not limited to, the following:

    a. Whether AHS unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

    b. Whether AHS unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

    c. The damages sustained and the proper measure of restitution recoverable by members of the Class.

9

### b. Typicality (Rule 23(a)(3)).

60. Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like the Class Members, were subjected to AHS's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

61. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

62. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because AHS acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

63. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. AHS's common and uniform policies and practices illegally deprived Plaintiffs and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about AHS's practices.

64. Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23.

### COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY FOR ALL HOURS WORKED
### (on behalf of Plaintiffs and the Collective Members)

65. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

66. AHS has a consistent enterprise-wide policy of requiring Plaintiffs and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiffs and the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

67. At all relevant times, Plaintiffs and the Collective Members were subject to AHS's Break and Meal Policy.

68. Pursuant to AHS's Break and Meal Policy, AHS automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiffs and the Collective Members of 8-hours or more.

69. AHS made this automatic 30-minute deduction from Plaintiffs' and the Collective Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

70. The job demands of Plaintiffs and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

71. Nevertheless, AHS automatically deducted thirty minutes from every shift of 8 hours or more worked by Plaintiffs and the Collective Members thereby denying them lawful minimum and overtime wages.

72. Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

73. AHS knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate the FLSA, and AHS was aware of the FLSA's minimum wage and overtime requirements. As such, AHS's conduct constitutes a willful violation of the FLSA.

74. As a result of AHS's failure or refusal to pay Plaintiffs and the Collective Members for all hours worked, and AHS's failure or refusal to pay Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, AHS violated 29 U.S.C. §§ 206 and 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiffs and the Class Members)**

79. Plaintiffs and the Class Members reallege and incorporate by reference all

allegations in all preceding paragraphs.

80. Plaintiffs bring Count Two on an opt-out basis for claims arising before July 6, 2022 and on an opt-in basis pursuant to SB 47's amendments to R.C. 4111.03 and 4111.10 for claims arising on or after July 6, 2022.

81. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

82. AHS has a consistent enterprise-wide policy of requiring Plaintiffs and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiffs the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

83. At all relevant times and the Class Members were subject to AHS's Break and Meal Policy.

84. Pursuant to AHS's Break and Meal Policy, AHS automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiffs and the Class Members of 8-hours or more.

85. AHS made this automatic 30-minute deduction from Plaintiffs' and the Class Members' pay regardless of whether they actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

86. The job demands of Plaintiffs and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

87. Nevertheless, AHS automatically deducted thirty minutes from every shift of eight hours or more worked by Plaintiffs and the Class Members, thereby denying them lawful minimum and overtime wages.

88. Although at this stage, Plaintiffs and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

89. As a result of AHS's failure or refusal to pay Plaintiffs and the Class Members all minimum wages and overtime due under Ohio law, Plaintiffs and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: FAIR LABOR STANDARDS ACT
FAILURE TO INCLUDE SHIFT DIFFERENTIAL PAY IN OVERTIME RATE**
(on behalf of Plaintiffs and the Collective Members)

94. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

95. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

96. At all relevant times, AHS paid Plaintiffs and the Collective Members different categories of shift-differential pay.

97. However, AHS does not include all of the shift-differential payments in Plaintiffs' and the Collective Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, AHS has violated to overtime provisions of the FLSA.

98. Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

99. AHS knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate the FLSA, and AHS was aware of the FLSA's minimum wage and overtime requirements. As such, AHS's conduct constitutes a willful violation of the FLSA.

100. As a result of AHS's failure or refusal to pay Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, AHS violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT FOUR: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**FAILURE TO INCLUDE WAGE DIFFERENTIAL PAY IN OVERTIME**
(on behalf of Plaintiffs and the Class Members)

101.   Plaintiffs and the Class Members reallege and incorporates by reference all allegations in all preceding paragraphs.

102.   Plaintiffs bring Count Four on an opt-out basis for claims arising before July 6, 2022 and on an opt-in basis pursuant to SB 47's amendments to R.C. 4111.03 and 4111.10 for claims arising on or after July 6, 2022.

103.   "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). Under the OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments.

104.   At all relevant times, AHS paid Plaintiffs and the Class Members different categories of shift pay differential.

105.   However, AHS does not include all the shift pay differential payments in Plaintiffs' and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, AHS has violated to overtime provisions of the OMFWSA.

106.   Although at this stage, Plaintiffs and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

107. As a result of AHS's failure or refusal to pay Plaintiffs and the Class Members all overtime due under Ohio law, Plaintiffs and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Aries May and Diamond Williams, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against AHS:

A. For the Court to declare and find AHS committed one or more of the following acts:

   i. violated the minimum wage and overtime provisions of the FLSA;

   ii. willfully violated the minimum wage and overtime provisions of the FLSA;

   iii. violated the minimum wage and overtime provisions of the OMFWSA; and

   iv. willfully violated the minimum wage and overtime provisions of the OMFWSA.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiffs, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiffs and the Class Members under the OMFWSA;

F.     For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.     For the Court to provide a reasonable incentive award for Plaintiffs to compensate them for the time he spent attempting to recover wages for the Collective and Class Members and for the risks they took in doing so; and

H.     Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: February 7, 2023

                          Respectfully submitted,

                          By: /s/ *James L. Simon*
                          James L. Simon (OH#0089483)
                          SIMON LAW CO.
                          5000 Rockside Road
                          Liberty Plaza – Suite 520
                          Independence, OH 44131
                          Telephone: (216) 816-8696
                          Email: james@simonsayspay.com


                          s/ *Michael L. Fradin*
                          Michael L. Fradin, Esq. (OH#0091739)

8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com